IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIV. NO. 19-00562 DKW-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF UNITED STATES' REQUEST FOR ENTRY OF DEFAULT JUDGMENT IN A SUM CERTAIN AS TO DEFENDANT CONG VAN NGUYEN |
| CONG VAN NGUYEN, ET AL., | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF UNITED STATES' REQUEST FOR ENTRY OF DEFAULT JUDGMENT IN A SUM CERTAIN AS TO DEFENDANT CONG VAN NGUYEN

Plaintiff United States' Request for Entry of Default Judgment in a Sum Certain as to Defendant Cong Van Nguyen ("Defendant"), filed on May 27, 2021 ("Motion" or "Motion for Default Judgment") (ECF No. 62), came on for a telephonic hearing on July 29, 2021 at 11:00 a.m. before the Honorable Rom A. Trader. Attorney Vickey Quinn appeared by telephone on behalf of Plaintiff United States of America ("Plaintiff"). Defendant did not appear at the hearing and has not filed a response or opposition to the Motion.

In response to this Court's inquiry on June 1, 2021 regarding the lack of a signed declaration[1] and the lack of any argument for the Court to rule on the Motion, Plaintiff filed a Supplemental Memorandum in Support of the Motion ("Supplemental") clarifying that Plaintiff seeks default judgment pursuant to Fed. R. Civ. P. 55(b)(2) as opposed to 55(b)(1).  ECF No. 65.  However, Plaintiff explained in its Supplemental that Plaintiff's decision was based on the understanding that "the Court appears to have understood that [Defendant] Nguyen was/is represented by counsel."  ECF No. 65 at PageID #: 586.  This Court has never stated such an assumption and thus, clarified its inquiry on July 9, 2021 (ECF No. 69).  On July 15, 2021, Plaintiff filed a Supplemental Filing Re: ECF 69 (ECF No. 71) and explained that Plaintiff's preference was to proceed with the Motion pursuant Fed. R. Civ. P. 55(b)(2).

After careful consideration of the Motion, Supplemental Memorandum, exhibits, declarations, record in this case, and applicable law, the Court FINDS and RECOMMENDS that the Motion for Default Judgment be GRANTED.  The Court further FINDS and RECOMMENDS that Defendant be held jointly and severally liable for damages in the amount of $1,607,368.17, with a dollar-for-dollar credit

---

[1] It was later discovered that Plaintiff had in fact signed the declaration, but had affixed a digital signature, which does not always appear in the docket.  The U.S. District Court District of Hawaii CM/ECF Guide prohibits the use of digital signatures on filed documents.  See https://www.hid.uscourts.gov/ecf/guides/UserGuide2013_10.pdf (last visited August 30, 2021).

for amounts paid under the Consent Judgment Pursuant to FRCP 54(b) against

Defendants TWOL LLC, Nguyen Ngoc Tran a/k/a Nguyen Ngoc Van, Loi Chi

hang, and LNK Fishery LLC ("Consent Judgment").  ECF No. 59.

<u>BACKGROUND</u>

Plaintiff filed a Verified Complaint ("Complaint") on October 17, 2019, to

bring "this action on behalf of the Oil Spill Liability Trust Fund (hereafter

"Fund"), pursuant to the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et

seq.*, to recover any and all removal costs and damages incurred directly by the

Fund, any removal costs and damages incurred by the Fund through compensation

paid to any claimant, and all costs incurred by the Fund by reason of any such

claims,  including interest, prejudgment interest, adjudicative costs, and attorney's

fees."  ECF Nos. 1 & 36.

On November 4, 2019, Plaintiff filed a Proof of Service indicating that

Defendant was served a copy of the Summons and Complaint by a civil process

server on October 23, 2019.  ECF No. 12.  The Defendant did not defend against,

answer, or respond to Plaintiff's Complaint.  On October 30, 2020, Plaintiff filed a

Verified Amended Complaint ("Amended Complaint").  ECF No. 36.  On January

22, 2021, Plaintiff filed a Request for Entry of Default as to Defendant Cong Van

Nguyen.  ECF No. 48.  Upon review of the Request for Entry of Default, the

Clerk's Office contacted Plaintiff's counsel and confirmed that the Amended

Complaint was not served on Defendant. The Clerk's Office thus took no action on the Request for Entry of Default (ECF No. 48).

On February 18, 2021, Plaintiff filed a Proof of Service indicating that Defendant was served a copy of the Summons and Amended Complaint on February 11, 2021. ECF No. 51. The Defendant again did not respond and thus, Plaintiff filed a Request for Entry of Default as to Defendant Cong Van Nguyen on March 22, 2021. ECF No. 53. On March 23, 2021, the Clerk's Office filed an Entry of Default as to Defendant Cong Van Nguyen. ECF No. 54.

On April 28, 2021, Plaintiff and defendants TWOL, LLC, Nguyen Ngoc Tran a/k/a/ Nguyen Ngoc Van, Loi Chi Hang, and LNK Fishery LLC (collectively "Consenting Defendants") entered into a Consent Judgment. ECF No. 59. Thereafter, Plaintiff filed its Request for Entry of Default Judgment on May 27, 2021. ECF No. 62.

The Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 55(b)(2) provides that the Court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). The district court has the discretion to grant or deny a motion for default judgment. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).

A.    Jurisdiction

The Court must first turn to whether it has subject matter jurisdiction over this action and personal jurisdiction over the Defendant. See In re Tuli, 172 F.3d

707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place"). This action arises from allegations under the Oil Spill Liability Trust Fund pursuant to the OPA, 33 U.S.C. § 2701 *et seq.* This action was commenced by the Plaintiff United States of America and thus, this Court has subject matter jurisdiction of this action.

This Court also has personal jurisdiction over the Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" within the jurisdiction. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)). The record reflects that the Defendant was served a copy of the Amended Complaint on February 11, 2021. ECF No. 51. The Complaint alleges that Defendant "at all times material . . . was an individual, non-corporate entity, and was a resident of the State of Hawaii and is subject to personal jurisdiction in this District and this Court, including but not limited to, through his operation of the Vessel at the time of, and with respect to, the matters sued upon . . . " ECF No. 36 at 152-153. This Court thus has personal jurisdiction over the Defendant.

B.    Eitel Factors

Default judgment may be entered in favor of a plaintiff if the defendant has defaulted by failing to appear, and the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1)-(2).

However, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." In re Villegas, 132 B.R. 742, 746 (9th Cir. 1991) (citations omitted). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

In considering a motion for default judgment, this Court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Id. at 1471-72 (citation omitted). On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The Court shall address each factor in turn.

1.    The Possibility of Prejudice

Under this first factor, the Court considers whether the Plaintiff would suffer prejudice if default judgment is not entered. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002). The Defendant failed to respond to Plaintiff's Complaint. As such, decision on the merits is impracticable, if not

impossible.  If default judgment is not granted, the Plaintiff would be left without any recourse for recovery.  The Court thus finds that this factor weighs in favor of default judgment.

      2.    <u>Merits of the Claim</u>

This factor requires that Plaintiff state a claim on which Plaintiff may recover.  <u>See</u> <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978).  As stated earlier, the factual allegations in the Complaint will be taken as true for the purposes of liability.  <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18 (citation omitted).  Plaintiff brought this suit pursuant to the OPA, which is a strict liability statute.  Plaintiff alleges that "[a]t all times material herein, Defendant NGUYEN was a "'Responsible Party' ('RP') within the meaning of OPA, 33 U.S.C. §§ 2701(32) and 2702(a), with respect to oil and the matters alleged in th[e] Complaint."  ECF No. 36 at PageID #: 153.  Plaintiff alleges that Defendant was the Master/Captain of the vessel at issue.  ECF No. 36 at PageID #: 154.

Plaintiff alleges the following:  that "[o]n October 10, 2017, the Vessel grounded near Kaimana Beach, Honolulu, Hawaii [and] . . . [t]he Vessel immediately posed a substantial threat of oil pollution into navigable waters of the United States and the adjoining shorelines."  <u>Id.</u> at PageID #: 154.  While awaiting the vessel's mandatory U.S. Customs appointment, Defendant decided to hold station and stopped the vessel's engine.  <u>Id.</u> at PageID #: 155.  Defendant went below and left the vessel unattended in violation of Rule 5 of the International

Regulations for Preventing Collisions at Sea.  Id.  The vessel, which was loaded

with approximately 4,500 gallons of diesel fuel, drifted, grounded on a reef, and

began taking on water.  Id.

Plaintiff alleges that the recovery process was as follows:  During the

process of refueling a dewatering pump, fuel splashed on hot exhaust and the

vessel caught fire.  Id. at PageID #: 156.  The fire caused extensive damage to the

vessel, and the vessel discharged red dye diesel into the waters.  Id.  "Due to the

fire, additional tow attempts, and turbulent sea conditions, the Vessel's condition

materially degraded.  By late October, the Vessel had come to rest on its starboard

side, in 14 feet of water."  Id. at PageID #: 157.  Throughout the recovery attempt,

there were ongoing, substantial threats of and actual discharge of oil.  Id. at PageID

#: 159.  Salvage proposals were made and it was decided that Resolve Magone

Marine's proposal would be selected.  Id. at PageID #: 158.  "The plan required

extensive patching and welding, dewatering of various internal compartments, and

onsite fabrication and installation of a specialized foam to facilitate refloating."  Id.

"Once refloated and cleaned of oil, the vessel was then towed 13nm offshore to the

EPA-approved disposal site and sunk."  Id. at PageID #: 159.  Plaintiff alleges that

the cost of removal and response action amounted to $1,657,368.17.  Id. at PageID

#: 160.

The information provided by Plaintiff in its Amended Complaint is sufficient to show that Defendant is liable.  Accordingly, Plaintiff's claim against the Defendant is adequately pled.  This factor thus favors default judgment.

    3.    Sufficiency of the Complaint

As stated earlier, the Amended Complaint is adequately pled, and Plaintiff provided substantial evidence to support its claims against Defendant.  The Court therefore finds that this factor weighs in favor of default judgment.

    4.    Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1176 (citing Eitel, 782 F.2d at 1472).  Plaintiff requests damages in the amount of $1,657,368.17, which appears to be tailored to Defendant's wrongful conduct and is a sum certain.  Moreover, Plaintiff has provided a breakdown of the costs and documentation to show that the costs are as claimed.  Accordingly, the Court finds that this factor weighs in favor of default judgment.

    5.    Likelihood of a Dispute Concerning Material Facts

On February 18, 2021, Plaintiff filed a proof of service stating that Defendant was served the Summons and Amended Complaint.  ECF No. 51. Defendant thus had notice and sufficient time to answer the Complaint and deny Plaintiff's allegations.  Defendant failed to raise any dispute regarding Plaintiff's

material factual allegations.  As such, the Court finds that this factor favors default judgment.

### 6.    Excusable Neglect

There is no evidence in the record suggesting that the default was the result of excusable neglect.  The Defendant was served with the Summons and Amended Complaint, and did not defend.  ECF No. 51.  Plaintiff served a copy of the Motion for Default Judgement, declarations in Support of Motion for Default Judgment, and Supplemental on Defendant.  ECF No. 66.  Despite the entry of default and the threat of default judgment, Defendant has not appeared.   Based on the Defendant's failure to respond, the default appears to be the Defendant's conscious and willful decision not to defend.  The Court thus finds that this factor weighs in favor of default judgment.

### 7.    Policy Favoring Decisions on the Merits

There is a policy of favoring decisions on the merits, and default judgments are disfavored.  In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  However, Defendant has not complied with any deadlines, rules, and orders.  Defendant has not been responsive and thus, proceeding with litigation would be futile as this case cannot move forward.  Although this factor tends to weigh against default judgment, it does not preclude the finding that default judgment is appropriate in this case.

### 8.    Totality of Eitel Factors

Upon review of the <u>Eitel</u> factors, this Court finds that six (6) out of the seven (7) Eitel factors weigh in favor of default judgment.  The Court thus FINDS and RECOMMENDS that the district court grant Plaintiff's request for default judgment against the Defendant.

C.    <u>Joint and Several Liability</u>

Liability under POA is joint and several and as such, Plaintiff requests Defendant be held jointly and severally liable for the damages in this case.  The Ninth Circuit has found that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."  <u>In re First T.D. & Inv., Inc.</u>, 253 F.3d 520, 532 (9th Cir. 2001) (citing <u>Frow v. De La Vega</u>, 82 U.S. 552 (1872)).  The purpose of this rule is to prevent an "incongruous and unfair" outcome that "allow[s] a plaintiff to prevail against the defaulting defendant on a legal theory that may be ultimately rejected with regard to the answering defendant in the same action."  <u>Ferrari Fin. Servs., Inc. v. Yokoyama</u>, Civ. No. 18-00136 JAO-RLP, 2018 WL 4610870, at *2 (D. Haw. Sept. 6, 2018), <u>report and recommendation adopted,</u> Civ. No. 18-00136 JAO-RLP, 2018 WL 4609933 (D. Haw. Sept. 25, 2018) (citing <u>In re First T.D. & Inv., Inc.</u>, 253 F.3d at 532; <u>Shanghai Automation Instrument Co. v. Kuei</u>, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001); <u>Frow v. De La Varga</u>, 82 U.S. 552, 554 (1872)).

In this case, the Consenting Defendants entered into a Consent Judgment where the Consenting Defendants "do not contest liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint." ECF No. 59. The only remaining defendants are defendant Mai Hoang and Defendant Nguyen. Id. Defendant Mai Hoang consents to the entry of the Consent Judgment, but the Consent Judgment was not entered against defendant Mai Hoang. Id. The Consent Judgment provides:

> If, but only if, the [Consenting Defendants] have timely made the first $100,000 in settlement payments specified in Paragraph 6(a) above, then, after [Consenting Defendants] have timely made such total of $100,000 in payments, the United States of America shall file a stipulation with the Court to dismiss defendant Mai Hoang, with the United States and Hoang both to bear their own costs and fees.

ECF No. 59 at PageID #: 277.[2] Defendant Mai Hoang has thus settled with the Plaintiff. The only remaining defendant that has not settled with Plaintiff is

---

[2] Paragraph 6(a) states:

> Year One Payments:  TWO HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($200,000) will be paid, without interest, in four installments of $50,000 over the course of the first year following entry of this Consent Judgment. The first payment of $50,000 (the "First Payment") shall be made no later than thirty (30) business days following entry of this Consent Judgment. The following three payments of $50,000 each thereafter shall be made pursuant to the following schedule: (i) a payment of $50,000 (the "Second Payment") shall be made within four months of entry of this Consent Judgment; (ii) a payment of $50,0000 (the "Third Payment") [sic] shall be made within eight months of entry of this Consent Judgment; and (iii) a payment of $50,0000 (the "Fourth Payment") [sic] shall be made within one year of entry of this Consent Judgment . . .

Defendant Nguyen.  Given this fact, this case is not susceptible to the issue of whether there may be a different outcome such that default judgment against the Defendant would be incongruous and unfair.  Because the Consenting Defendants and defendant Mai Hoang have entered into an agreement and liability is not contested, the concern in <u>Frow</u> of incongruous and unfair outcomes is not an issue. <u>Frow</u>, 82 U.S. 552.  In addition, Defendant Nguyen is to receive a dollar-for-dollar credit for any amounts paid by the Consenting Defendants.  As such, the Court finds it appropriate to recommend the granting of Plaintiff's request to find Defendant Nguyen jointly and severally liable.

D.    <u>Statutory Damages</u>

Based on the evidence provided in Plaintiff's Motion for Default Judgment (ECF No. 62), Plaintiff's Supplemental Memorandum (ECF No. 65), and attached declarations, the Court is satisfied that Plaintiff has met its burden to prove that it is entitled to damages as follows:

| | |
|---|---|
| Coast Guard Equipment | $282,453.31 |
| Coast Guard Personnel | $351,271.45 |
| Coast Guard Travel | $73,648.23 |
| Coast Guard Contracts | $47,169.08 |
| Coast Guard Civilian Overtime | $475.93 |
| Resolve Claim Payment: | $902,350.17 |
| **<u>Grand Total</u>**: | **<u>$1,657,368.17</u>** |
| Minus Amount Paid | $50,000 |

ECF No. 59 at PageID #: 270-271.  "The [Consenting Defendants] have recently made their first installment payment of $50,000 under the terms of the Consent Judgment . . . "  ECF No. 65 at PageID #: 597.

**Current Total:**                    **$1,607,368.17**

See ECF Nos. 62 & 65.

E.    No Just Reason for Delay

Fed. R. Civ. P. 54(b) provides:

[W]hen multiple parties are involved, the court may direct entry of a
final judgment as to one or more, but fewer than all, claims or parties
only if the court expressly determines that there is no just reason for
delay.  Otherwise, any order or other decision, however designated,
that adjudicates fewer than all the claims or the rights and liabilities of
fewer than all the parties does not end the action as to any of the
claims or parties and may be revised at any time before the entry of a
judgment adjudicating all the claims and all the parties' rights and
liabilities.

In this case, the Court finds that there is no just reason to delay the entry of final

judgment against Defendant Nguyen, given the circumstances of the Consent

Judgment and Defendant's numerous opportunities to respond to Plaintiff's

allegations.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS

that the  district court grant Plaintiff United States' Request for Entry of Default

Judgment in a Sum Certain as to Defendant Cong Van Nguyen (ECF No. 62).

The Court RECOMMENDS that the district court award Plaintiff

$1,607,368.17 in damages and hold Defendant Nguyen jointly and severally liable

for the total amount of damages with a dollar-for dollar credit for amounts paid by

the Consenting Defendants under the Consent Judgment.

14

The Court directs Plaintiff to (1) serve a copy of this Findings and Recommendations on Defendant and (2) file a Certificate of Service indicating the date of service **by no later than September 13, 2021**.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 30, 2021.



_____
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 19-00562 DKW-RT;  *United States of America vs. Cong Van Nguyen, et al.*;  Findings and Recommendation to Grant Plaintiff United States' Request for Entry of Default Judgment in a Sum Certain as to Defendant Cong Van Nguyen